IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| NATIONAL INTERSTATE INSURANCE, | ) | Civil No.: 3:14-cv-01245-JE |
| as subrogee of George's Shop and Rock | ) | |
| Vale Oregon, | ) | FINDINGS AND |
| Plaintiff, | ) | RECOMMENDATION  AND ORDER |
| v. | ) | |
| | ) | |
| BEALL CORPORATION, an Oregon, | ) | |
| Corporation; and HENDRICKSON USA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————— | ) | |

Eric D. Virshbo
Melanie E. Rose
MacMillan Scholz & Marks, PC
900 SW 5th Ave., Ste. 1800
Portland, OR 97204

        Attorneys for Plaintiff

Nicholas Wheeler
Daniel Peterson
Jeremy James
Cosgrave Vergeer Kester, LLP
500 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204

        Attorneys for Defendant Beall Corp.

FINDINGS AND RECOMMENDATION  AND ORDER– 1

Philip Rush
John Knottnerus
Thomas Purcell
Martin Bischoff Templeton Langslet & Hoffman
888 SW Fifth Avenue
Suite 900
Portland, OR 97204

      Attorneys for Defendant Hendrickson USA, LLC

JELDERKS, Magistrate Judge:

      Plaintiff brings this subrogation action against Defendants for damages arising out of a tractor-trailer wreck.  Defendant Beall moved to dismiss Plaintiff's Complaint as time-barred and Defendant Hendrickson moved to join that motion.  The Court concludes the record is sufficiently developed that oral argument is not necessary.[1]  For the reasons set forth below, Defendant Hendrickson's motion for joinder is granted and the Defendants' motion to dismiss should be granted.

## Background

      The following facts are taken from Plaintiff's Complaint and, for purposes of the pending motion to dismiss, are accepted by the Court as true

      Plaintiff is an insurer and a subrogee of George's Shop and Rock Vale Oregon (George's).  Defendant Beall designed, manufactured, and sold to George's a 2010 Belly Dump trailer, identified by George's as trailer T1229.  Trailer T1229 was equipped with a steerable lift axle that was manufactured and distributed by Defendant Hendrickson.

      On July 5, 2011, a George's employee was driving a Kenworth truck to which trailer T1229 was attached.  As Plaintiff was driving, the front steerable lift axle of the trailer failed

---

[1] The Court notes Defendants' argument that Plaintiff's Response should not be considered because it was untimely. Although, this Court takes seriously the deadlines imposed by its own Local Rules and the Federal Rules of Civil Procedure, it declines in this instance to strike Plaintiff's Response, which was filed one day after the deadline.

causing the truck and trailer to go off the road.  As a result of the incident, Plaintiff suffered

property damage including the cost to repair the trailer, the loss of the tractor and the cost of the

replacement trailer.

## Claims

Plaintiff brings six claims.

Plaintiff's First Claim alleges that Defendant Beall is strictly liable for designing,

manufacturing, distributing, testing, inspecting, and placing in the stream of commerce in an

unreasonably dangerous condition for its intended use a 2010 Belly Dump Trailer, identified as

trailer T1229.  Plaintiff also alleges that Defendant Beall sold trailer T1229 without adequate

warning to consumers and users and caused spoliation of the steerable lift axle and components.

Plaintiff's Second Claim alleges that Defendant Beall carelessly and negligently

designed, tested, manufactured, assembled, engineered, labeled, marketed, distributed, and sold

trailer T1229 and carelessly and negligently failed to give adequate warning to purchasers and

users of the trailer.  Plaintiff also alleges that Defendant Beall destroyed the steerable lift axle in

its possession.

Plaintiff's Third Claim alleges that Defendant Hendrickson is strictly liable for

designing, manufacturing, distributing, testing, inspecting, and placing in the stream of

commerce in an unreasonably dangerous condition for its intended use the steerable lift axle of

trailer T1229.  Plaintiff also alleges that Defendant Hendrickson sold the steerable lift axle

without adequate warning to consumers and users and caused spoliation of the steerable lift axle

and components.

Plaintiff's Fourth Claim alleges that Defendant Hendrickson carelessly and negligently

designed, tested, manufactured, assembled, engineered, labeled, marketed, distributed, and sold

FINDINGS AND RECOMMENDATION  AND ORDER– 3

the steerable lift axle of trailer T1229 and carelessly and negligently failed to give adequate warning to purchasers and users of the trailer.  Plaintiff also alleges that Defendant Hendrickson spoliated the steerable lift axle and destroyed components.

Plaintiff's Fifth and Sixth Claims allege breach of warranty claims with regard to trailer T1229 against Defendants Beall and Hendrickson, respectively.

### Standards for Evaluating Motions to Dismiss for Failure to State a Claim Upon Which Relief May be Granted

In evaluating a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the allegations of material fact as true, and must construe those allegations in the light most favorable to the non-moving party.  Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, the court need not accept any legal conclusions set forth in a plaintiff's pleading.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a claim for relief "that is plausible on its face".  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court must determine whether the plaintiff has made factual allegations that are "enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 545.  Dismissal under Rule 12(b)(6) is proper only where there is no cognizable legal theory to support the claim or when there is an absence of sufficient factual allegations to support a facially plausible claim for relief.  Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

### Discussion

Defendants move to dismiss Plaintiff's Complaint in its entirety, contending that Plaintiff's claims are barred by the two-year statute of limitations that applies to product liability

claims under Oregon law.  Oregon Revised Statute 30.900 defines a "product liability civil

action" as

> [A] civil action brought against a manufacturer, distributor, seller or lessor of a
> product for damages for personal injury, death or property damage arising out of:
>
> (1) Any design, inspection, testing, manufacturing or other defect in a product;
>
> (2) Any failure to warn regarding a product; or
>
> (3) Any failure to properly instruct in the use of a product.

The statute of limitations for such an action is set out in ORS 30.905(1):

> [A] product liability civil action for personal injury or property damage must be
> commenced not later than two years after the plaintiff discovers, or reasonably
> should have discovered, the personal injury or property damage and the causal
> relationship between the injury or damage and the product, or the causal
> relationship between the injury or damage and the conduct of the defendant.

 As Defendants correctly note, under Oregon law, a product liability civil action " 'embraces all

theories a plaintiff can claim in an action based on a product defect' including, for example,

negligence, strict liability, breach of warranty, and fraudulent misrepresentation." Simonsen v.

Ford Motor Co., 196 Or.App. 460, 466-67, 102 P.3d 710 (2004) (quoting Kambury v.

DaimlerChrysler Corp., 185 Or.App. 635, 639, 60 P.3d 1103 (2003)).

Oregon cases also make clear that if the acts, omissions, or conditions complained of

existed or occurred before or at the date on which the product was first purchased for use or

consumption, the claim is properly considered a product liability civil action, governed by

Oregon Revised Statutes §§ (O.R.S.) 30.900-30.927. E.g., Simonsen, 196 Or.App. at 466-67; see

also Erickson Air-Crane Co. v. United Tech. Corp., 303 Or. 281, 286, 735 P.2d 614, 616 (1987)

(O.R.S. 30.905 "applies only to acts, omissions or conditions existing or occurring before or at

the 'date on which the product was first purchased for use or consumption'").

FINDINGS AND RECOMMENDATION  AND ORDER– 5

The wreck at issue occurred on July 5, 2011. Plaintiff commenced this action on August 8, 2014. Thus, on its face, Plaintiff's products liability action is subject to the two-year statute of limitations imposed by ORS 30.905(1) and is time-barred. Plaintiff does not appear to dispute that, as pled, the bulk of its product liability claims is thus barred. Instead, Plaintiff argues that it has made allegations of negligent conduct that occurred after the date of purchase that are, therefore, not subject to ORS 30.900. Plaintiff points to paragraphs 14(c) and 21(c) of its Complaint that allege Defendants spoliated evidence. Plaintiff also moves to amend its Complaint to allege that Defendants failed to investigate and discover the latent product defect, post purchase. Plaintiff argues that Defendants "should have become aware of the defect and issued recall notices or other warnings. These are the precise allegations that survived a dismissal motion in Simonsen, [2] and they are applicable here as well."

A. Spoliation

Although the Oregon Supreme Court has not addressed whether either intentional or negligent spoliation of evidence is recognized as an independent cause of action under state law, the Court of Appeals has suggested that such claims may exist. See, e.g., Marcum v. Adventist Health System/West, 215 Or.App. 166, 190–92, 168 P.3d 1214 (2007)(discussing negligent spoliation), rev'd on other grounds, 345 Or. 237, 193 P.3d 1 (2008); Classen v. Arete NW, LLC, 254 Or.App. 216, 221–26, 294 P.3d 520 (2012)(discussing negligent and intentional spoliation and declining to "address the precise contours of a cognizable claim for spoliation under Oregon law"); but see Blincoe v. Western States Chiropractic College, 2007 WL 2071916 (D.Or. July 14, 2007)(concluding that Oregon law does not and would not recognize a tort of intentional spoliation of evidence).

---

[2] Simonsen v. Ford Motor Co., 196 Or.App. 460, 102 P.3d 710 (2004).

Although the Oregon appellate courts have not directly addressed the issue, they are likely to agree with the result reached in this court in the <u>Blincoe</u> case. However, I need not and do not reach the question of whether Oregon would recognize a claim for spoliation because here, as in <u>Classen,</u> Plaintiff has not alleged sufficient facts to support such a claim.  As noted in <u>Classen</u>, even those "jurisdictions that recognize an independent claim for spoliation of evidence require the plaintiff to have first brought the underlying claim and lost or suffered diminution in its value" and "none has permitted a plaintiff to bring such claim after the statute of limitations on her underlying claims has expired . . . ." <u>Classen</u> 254 Or.App. at 222-223(citations omitted). Plaintiff here fails to allege any cause of action based on a cognizable legal theory that is not barred by the statute of limitations imposed by ORS 30.905(1).  Thus any claims for spoliation arising from these underlying claims also, necessarily, fail.

B.  <u>Motion to Amend to Add Claims for Post-Purchase Failure to Investigate and Discover</u>

In its Response, Plaintiff moves to amend its Complaint to allege that Defendants failed to investigate and discover the latent product defect post-purchase.  As noted above, Plaintiff argues that Defendants "should have become aware of the defect and issued recall notices or other warnings.  These are the precise allegations that survived a dismissal motion in <u>Simonsen</u>, and they are applicable here as well."

In <u>Simonson</u>, the plaintiff- driver was injured in an automobile accident and sued the manufacturer.  The Court of Appeals held that the plaintiff's negligence claim based on the defendant's alleged failure to test for latent defects upon receiving reports of serious injuries and fatalities raised an issue of fact as to when such a claim accrued.  The court concluded that if the defendant had received the reports after the date of first sale, its alleged negligence in failing to act on those reports would be subject to Oregon's generic limitations for negligence actions.

FINDINGS AND RECOMMENDATION  AND ORDER– 7

<u>Simonsen</u>, 196 Or.App. at 472-473. (citing <u>Erickson Air–Crane Co. v. United Tech. Corp.</u>, 303 Or. 281, 289, 735 P.2d 614 (1987)).

        In their Replies, Defendants argue that Plaintiff does not and cannot assert that they received reports after the date of sale of serious injuries or fatalities due to a latent product defect in its trailers.  I agree that Plaintiff's Complaint in its current form fails to make this assertion and I recommend that Defendants' motion to dismiss be granted.  However, dismissal should be without prejudice and with leave to amend. The Supreme Court in <u>Foman v. Davis</u>, 371 U.S. 178, 83 S.Ct. 227 (1962), held that district courts should consider the following factors in deciding whether to dismiss with prejudice:

> In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be 'freely given.'

371 U.S. at 182.

Furthermore, "[a]bsent prejudice, or a strong showing of any of the remaining <u>Foman </u>factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003)(emphasis in the original); <u>see also</u>, Fed. R. Civ. Pro. 15(a)(leave to amend should be freely granted "when justice so requires"). The Ninth Circuit has long held that in dismissing a claim under Rule 12(b)(6), a district court should grant leave to amend "unless it determines that the pleading *could not possibly* be cured by the allegation of other facts," <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (emphasis added) (citations and internal quotations omitted).  I cannot say that it would be impossible for the Plaintiff to allege sufficient facts to support a claim or claims for negligence that would not be barred by the statute of limitations imposed by ORS 30.905(1).  Accordingly, Defendants'

FINDINGS AND RECOMMENDATION  AND ORDER– 8

motion to dismiss should be granted without prejudice and with leave to replead.  To file a viable amended complaint, Plaintiff must allege sufficient facts to satisfy the federal pleading standards set out by Iqbal and Twombly and the federal rules of civil procedure.

### Conclusion

For the reasons discussed above, Defendant Hendrickson's motion for joinder [#8] is GRANTED and Defendants' motion to dismiss [#7] should be GRANTED.

### Scheduling Order

This Findings and Recommendation will be referred to a district judge.  Objections, if any, are due March 9, 2015.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 19th  day of February, 2015.


_____/s/ John Jelderks_____
John Jelderks
U.S. Magistrate Judge


FINDINGS AND RECOMMENDATION  AND ORDER– 9